IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COREY TAYLOR, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 3:21-cv-00926 ) Judge Trauger |
| DARON HALL, Sheriff, | ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Corey Taylor, a state inmate in the custody of the Davidson County Sheriff's Office, has filed a pro se petition under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

**I.     Application for Pauper Status**

The fee for filing a habeas petition is five dollars. 28 U.S.C. § 1914(a). A proper IFP application includes a declaration that the petitioner is unable to pay the five-dollar fee, accompanied by a certificate from an appropriate jail official showing the amount of money that he has in his inmate trust account. Rule 3(a), Rules Gov'g § 2254 Cases (hereinafter, "Habeas Rules"). Because the petitioner's IFP application substantially complies with the requirements of Habeas Rule 3(a) and reflects that he lacks sufficient financial resources to pay the five-dollar filing fee, the application (Doc. No. 2) is **GRANTED**.

**II.    Review of the Petition**

The petition is now before the court for a preliminary review. *See* Habeas Rule 4. Under Habeas Rule 4, the court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *See also Crump v. Lafler*, 657 F.3d 393, 396 n.2 (6th Cir. 2011) (citing *McFarland v. Scott*, 512 U.S. 849, 856 (1994)) ("If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the

petition."). In this case, the petition and a subsequently filed "Statement of Facts" (Doc. No. 7) reveal that the petitioner is seeking habeas relief from the August 4, 2021 judgment of the Davidson County Criminal Court allegedly procured in violation of his speedy trial rights. However, the petition also reveals that the petitioner's direct appeal from this judgment remains pending in the Tennessee Court of Criminal Appeals.[1] (Doc. No. 1 at 5.) His Statement of Facts provides the additional detail that "[t]he record on appeal was filed in the Tennessee Court of Criminal Appeals on 10-20-21." (Doc. No. 7 at 1.) The Statement of Facts also includes what appears to be an excerpt from the petitioner's state appellate brief. (*Id.* at 7–13.)

"District courts have a 'duty to screen out [habeas petitions] which should be dismissed,'" including "for lack of exhaustion" of state-court remedies. *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, at *2 (6th Cir. July 17, 2017) (quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)); *see also Clinkscale v. Carter*, 375 F.3d 430, 436 (6th Cir. 2004) (recognizing courts' "authority to raise and consider the issue of exhaustion sua sponte") (citing *Harris v. Rees*, 794 F.2d 1168, 1170 (6th Cir. 1986)). A state prisoner generally must exhaust all available state court remedies to obtain relief through a habeas corpus petition. 28 U.S.C. § 2254(b)(1)(A); *In re Bowen*, 436 F.3d 699, 701 (6th Cir. 2006) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982)). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Clinkscale*, 375 F.3d at 437 (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). In Tennessee, a petitioner is "deemed to have exhausted all available state remedies for [a] claim" when it is presented to the Tennessee Court of Criminal Appeals. *Adams v. Holland*,

---

[1] The pendency of the petitioner's appeal is confirmed by records of the Davidson County Criminal Court Clerk, of which this court takes judicial notice. *See* https://sci.ccc.nashville.gov/Search/CriminalHistory?P_CASE_IDENTIFIER=COREY%5ETAYLOR%5E07011987%5E508901 (last visited January 5, 2021).

2

Case 3:21-cv-00926   Document 8   Filed 01/13/22   Page 2 of 3 PageID #: 48

330 F.3d 398, 402 (6th Cir. 2003) (quoting Tenn. Sup. Ct. R. 39).

It is the petitioner's burden to show that his state court remedies have been exhausted. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012) (citing *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994)). Here, the face of the petition reveals that the petitioner cannot meet this burden, as his case remains pending in the Tennessee Court of Criminal Appeals. Further review of his federal petition is therefore precluded at this time.

### III. Conclusion

In light of the foregoing, this action is **DISMISSED WITHOUT PREJUDICE** to the petitioner's ability to file another petition under Section 2254 in the future, after he has exhausted his remedies in state court.

Because this constitutes a "final order adverse to" the petitioner, the court must "issue or deny a certificate of appealability." Habeas Rule 11(a). A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Furthermore, where a habeas petition is dismissed on procedural grounds, a certificate of appealability will not issue unless "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

As reasonable jurists would not debate the court's procedural ruling that the petitioner has not exhausted available state court remedies, the court **DENIES** a certificate of appealability. The petitioner may, however, seek a certificate of appealability directly from the Sixth Circuit Court of Appeals. Fed. R. App. P. 22(b)(1).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge